United States District Court
Southern District of Texas
ENTERED
November 22, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE D. IRAHETA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-26-3833 |
| | § | |
| THERESA TURNER, *et al*.., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Jose D. Iraheta sued Theresa Turner and Tax Happens, LLC, asserting claims for professional negligence, negligent misrepresentation, fraudulent misrepresentation, gross negligence, breach of contract, breach of fiduciary duty, and unjust enrichment. (Docket Entry No. 1 ¶¶ 52–91 (citing Texas law)). "Turner is an individual citizen and resident of . . . Florida." (*Id.* ¶ 2). "Tax Happens[,] LLC is a Florida limited liability company with its principal place of business" in Riverview, Florida. (*Id.* ¶ 3; Docket Entry No. 21 at 2 ("Tax Happens, LLC and its sole member, Theresa Turner, are Florida residents.")). Tax Happens and Turner move to dismiss, (Docket Entry No. 18), arguing, *inter alia*, that venue is improper in the Southern District of Texas because "the Defendants are residents of the same district in Florida, neither of the Defendants reside in Texas[,] and the substantial events [or omissions] giving rise to [Iraheta]'s claims did not occur in Texas." (Docket Entry No. 18 at 26–27).

Based on the motion, the response, the reply, the record, and the applicable law, the court grants, in part, the motion to dismiss, (Docket Entry No. 18), for improper venue. This case is transferred to the Middle District of Florida under 28 U.S.C. § 1406(a). The reasons for this ruling are set out below.

## I. The Legal Standard

"It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss a complaint for improper venue. Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *Psarros v. Avior Shipping, Inc.,* 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). Rule 12(b)(3) permits district courts to examine facts outside the complaint to determine whether venue is proper. *Argueta v. Banco Mexicano, S.A .,* 87 F.3d 320, 324 (9th Cir. 1996). The court must accept as true the allegations in the complaint, unless contradicted by the defendant's affidavits, and must draw reasonable inferences and resolve factual conflicts in the plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam). If the defendant prevails on a Rule 12(b)(3) motion, the court must dismiss the case or transfer it to a district where venue is proper.

The venue statute provides that

> [a] civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (titled "Venue in General.—").

## II. Analysis

### A. 28 U.S.C. § 1391

Venue in the Southern District of Texas is not proper under 28 U.S.C. § 1391(b)(1) because at least one defendant, Turner, is a citizen and resident of Florida. *See id.*; 28 U.S.C. § 1391(c)(1); (Docket Entry No. 1 ¶ 2). That Tax Happens may "reside" in the Southern District of Texas, as Iraheta suggests,[1] (Docket Entry No. 21 at 12), does not alter the venue calculus under § 1391(b)(1), which applies "if *all* defendants are residents of the State in which the district is located[,]" *see* 28 U.S.C. § 1391(b)(1) (emphasis added). Not all defendants are residents of the Southern District of Texas. *Cf. id.*

Venue in the Southern District of Texas is not proper under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim[s]" did not "occur[]" in this district. (*Compare id.*, with Docket Entry No. 1 ¶¶ 52–91). The core of Iraheta's claims "stem[s] from the rendering of accounting services . . . ." (*See id.*; *see also id.* n.1 (noting that the "anti-fracturing rule prohibits plaintiffs in professional negligence cases from converting what essentially is a negligence claim 'into other claims such as fraud, breach of contract, or breach of fiduciary duty'" (citing *Pitts v. Rivas*, 709 S.W.3d 517, 523 (Tex. 2025)))).

The "conduct that . . . Iraheta complains of, i.e., the failure of Defendants to attach the election form for the 2018 IRS joint tax return; Defendants' failure to file the 2019 joint tax return; and Defendants' failure to [e]nsure the 2019 joint tax return was filed—constitute events, acts[,] or omissions that occurred . . . by Defendants in Florida, not Texas." (Docket Entry No. 18 at 28 (citation modified); *see also id.* ("These accounting services, including the alleged acts or omissions, were performed at Tax Happens' office in Riverview, Florida."); *see also id.* at 29 ("No

[1] The court expresses no view as to whether Tax Happens "resides" in the Southern District of Texas.

calls were made to . . . Iraheta in Texas [about] the 2019 return's filing or lack of filing.")). Although Iraheta argues that he "suffered his economic injury -- held refunds, penalties, and interest -- in Texas," (Docket Entry No. 21 at 11), the "court's *focus* must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state[,]" *see Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014) (emphasis in original) (discussing venue in the context of § 1391(b)(2)). That Iraheta may have "received four . . . years of tax-preparation correspondence and invoices at his Texas address" is tangential to his complaint, which is based on allegations of professional negligence. (*Compare* Docket Entry No. 21 at 11, *with* Docket Entry No. 1).

Iraheta does not argue that venue is available under 28 U.S.C. § 1391(b)(3). (*See generally* Docket Entry Nos. 1, 21); *cf. Psarros*, 192 F. Supp. 2d at 753 (noting that "the burden of sustaining venue lies with the plaintiff" (citations omitted)).

Venue is improper in the Southern District of Texas under 28 U.S.C. § 1391(b).

**B. 28 U.S.C. § 1406**

Iraheta argues that, if venue in the Southern District of Texas is improper, "this action [should] be transferred [under] . . . 28 U.S.C. § 1406(a)[,] rather than [be] dismissed[.]" (Docket Entry No. 21 at 23); *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

After a detailed and thorough review of the record,[2] "th[is] court[] conclude[s] that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." *See* 14D Richard D. Freer, WRIGHT & MILLER FED. PRAC. & PROC. § 3827 (4th ed. 2026); *see also id.* ("In

[2] This court expresses no view about the ultimate merits of Iraheta's claims.

most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." (citations omitted)); *see also id.* ("District courts . . . are likely to order transfer rather than dismissal if it would be more efficient or economical to do so . . . .").

The Middle District of Florida is the proper forum. This case "could have been brought" in that district because both "Defendants are residents of the same district in [Riverview,] Florida[,]" which is in Hillsborough County. *See* 28 U.S.C. § 1406(a); *see also id.* § 1391(b); *see also Daimler AG v. Bauman*, 571 U.S. 117 (2014) (discussing personal jurisdiction); *see also* 28 U.S.C. § 89 ("The Middle District [of Florida] comprises the count[y] of . . . Hillsborough."); (*compare* Docket Entry No. 18 at 14–15, 26–28, *with* Docket Entry No. 1 ¶¶ 2–3)

## III. Conclusion

The motion to dismiss, (Docket Entry No. 18), is granted, in part, for improper venue. This case is transferred to the Middle District of Florida under 28 U.S.C. § 1406(a).

SIGNED on November 17, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge